JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
This case is the clearest example I have seen of a husband’s total contempt and disregard for the maintenance obligations imposed upon him by a lawful order of a district court. It is no wonder that at the conclusion of the testimony on which the District Court based its order disregarding the corporate entity, the District Judge made the following observation:
Dr. Coward, I want to make something clear to you here. I have been sitting on the bench for close to six years; prior to that I was a prosecutor for 17 years, and I have never encountered anybody who has such a total disregard and [dis]respect for other people as you do.
The appellant has used the legal process and abused the corporate fiction successfully since 1991 to avoid his maintenance obligation to his former spouse, and as of April 1,1994, was $80,328.90 in arrears on his debt to her.
By exalting form over substance, this Court’s current opinion has prolonged the tortuous procedural history which has served the appellant so well. And, to what purpose?
Mark Coward, M.D., P.C., the shell of a corporate entity in which the appellant now hides and protects his income, is nothing more than Harold Mark Coward, the individual. He is the president of the corporation; he owns all of its shares; he operates all of its business; he performs all of its services; and he makes every single decision that can be made for the corporation’s operation and existence.
Rule 4D(e), M.R.Civ.P., is not a demanding rule when it comes to service of process on corporations. It provides that service can be *354 accomplished in various ways. Among them is service on any officer of the corporation. In this case, the document with which the majority is concerned was served on the attorney for the president of the corporation, who in turn appeared in court to oppose the relief sought in the motion. Nothing could more effectively notify the corporation’s only officer of the relief being sought than service on his attorney. Furthermore, because of the appearance of the president’s attorney, jurisdiction over the corporation was accomplished, whether or not the president was personally served. Rule 4B(2), M.R.Civ.P., provides as follows:
(2) Acquisition of jurisdiction. Jurisdiction may be acquired by our courts over any person through service of process as herein provided; or by the voluntary appearance in an action by any person either personally, or through an attorney, or through any other authorized officer, agent or employee.
(Emphasis added.)
In this case, Harold Mark Coward was the president and authorized agent for Mark Coward, M.D., P.C. He appeared in this action in response to his former spouse’s motion through his attorney. Therefore, pursuant to the specific terms of Rule 4B, the District Court had jurisdiction to enter the order that it entered. To ignore the syllogism which leads to this conclusion is to ignore reality in favor of an artificial distinction based on a corporate fiction. The District Court, after listening to the total lack of any distinction between Harold Mark Coward and his pseudo-corporation, and the length to which Coward was willing to go in order to avoid his obligation to his former spouse, refused to do so. After reviewing the record, I agree with the District Court.
For these reasons, I dissent from the majority opinion. I would affirm the orders of the District Court.